## UNITED STATES DISTRICT COURT
## NORTHERNDISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JERON SAUNDERS | ) | Civil Action Number: |
| | ) | |
| Plaintiff | ) | |
| | ) | FLSA Action |
| v. | ) | |
| | ) | Jury Trial Demanded |
| BYNUM & SONS PLUMBING, INC. a | ) | |
| Georgia Profit Corporation; and | ) | |
| SCOTT BYNUM, an individual, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Jeron Saunders (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants Bynum & Sons Plumbing ("Bynum Plumbing"), Inc., and Scott Bynum ("Bynum") (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1.   The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq</u>., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at

§ 216(b) to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of his lawful minimum hourly and overtime wages.

2.   Plaintiff was employed by Defendants, doing plumbing related work from Defendants' operation located at 2120 McDaniels Bridge Road, Lilburn, Gwinnett County, Georgia  30047 (hereinafter "Defendants' Lilburn Location").

3.   During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at least minimum wage for all hours worked and by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek primarily as a result of Defendants illegally classifying Plaintiff as an independent contractor.

4.   Plaintiff seeks unpaid minimum hourly wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.   Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the

State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7.     Plaintiff resides in Greensboro, North Carolina and is a citizen of the United States.  Plaintiff was employed by Defendants at Defendants' Lilburn Location, from on or about November, 2007 until on or about December, 2010, primarily performing plumbing related duties.

8.     At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

9.     Defendant Bynum Plumbing is a corporation formed under the laws of the State of Georgia and owns and operates a plumbing contracting business in Lilburn, Georgia.

10.     Defendant Bynum is listed on the Georgia Secretary of State's web site as the CFO of Defendant Bynum Plumbing and is a resident of Lilburn, Georgia.

11.     Defendants conduct business within this State and District.

12.     Defendants maintained either actual or constructive control, oversight and direction of Defendants' Lilburn Location, including the employment and pay and other practices of that operation.

13.     Defendant Bynum Plumbing is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Shawn Martin Bynum, 2120 McDaniels Bridge Road, Lilburn, Georgia, 30047.

14.     Defendant Bynum is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Bynum personally at 1947 Kensington High Street, Lilburn, Georgia, 30047.

15.     At all times material to this action, Defendant Bynum Plumbing was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16.     At all times material to this action, Defendant Bynum Plumbing was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

4

17.     Upon information and belief, at all times material to this action, Defendant Bynum was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

18.     The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

19.     The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

20.     Defendants hired Plaintiff to provide plumbing related services to Defendants' clients.

21.     Defendant Bynum was in charge of all of the individuals, including Plaintiff, who did plumbing related work including equipment installations.

22.     Plaintiff reported directly to Defendant Bynum.

23.     Defendant Bynum told Plaintiff on numerous occasions that he could not accept "side work," which was known to be work for any other plumbing contractor.

24.     Defendant Bynum told Plaintiff on numerous occasions that he would be "terminated" if he did do such "side work" for another plumbing contractor.

25.     Plaintiff was required to call and report to Defendant Bynum any problems that occurred on a job assigned to Plaintiff.

26.     If Plaintiff needed additional parts to complete a job assigned to him, Defendant Bynum would tell Plaintiff where to go to get them if Plaintiff could not obtain them himself.

27.     Plaintiff was required to work a set schedule which schedule was set by Defendant Bynum and required Plaintiff to work in excess of forty (40) hours a week.

28.     Plaintiff regularly worked in excess of 2,300 hours per year for Defendants at all times relevant to this action.

29.     Defendants required Plaintiff to utilize a truck that they provided.

30.     Defendants required Plaintiff to accept all work assignments they made to him.

31.     Defendants did not allow Plaintiff to reject any work assignments made to him by Defendants regardless of the location within the state of Georgia.

32.     Plaintiff was not licensed to do plumbing work by the Georgia State Construction Industry Licensing Board, Division of Master Plumbers and Journeyman Plumbers at any time relevant to this action.

33.    At all times relevant to this action, Defendant Bynum was licensed as a Master Plumber, Non-Restricted by the Georgia State Construction Industry Licensing Board, Division of Master Plumbers and Journeyman Plumbers.

34.    At all times relevant to this action, Defendants regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

35.    At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

36.    At times relevant to this action, Plaintiff's hourly wages were less than the federal minimum hourly wage.

37.    Upon information and belief, Defendants failed to meet the requirements for paying Plaintiff minimum wage for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

38.    Defendants are liable to Plaintiff for compensation for all time worked in which he was paid at a rate of pay less than the federal minimum hourly wage rate.

39.    At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

40.    At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per

week on a basis of one and one-half times minimum wage at which they were by law required.

41.    Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

42.    Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

43.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44.    As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

45.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

46.    Plaintiff demands a jury trial.

## COUNT I

47.     Plaintiff repeats and incorporates by reference paragraphs 1-46 herein.

48.     Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

49.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

50.     Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

51.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

52.     Plaintiff repeats and incorporates by reference paragraphs 1-46 herein.

53.     By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

54.     Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of minimum wage and one-half.

55.     As a result of Defendants' violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate of minimum wage and one-half in accordance with §§ 203 and 207 of the FLSA.

56.     Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

57.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to minimum wage and one-half in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.    That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B.    That Plaintiff be awarded reasonable attorneys' fees;

C.    That Plaintiff be awarded the costs and expenses of this action; and

D.    That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 16th day of April, 2011.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(770) 344-7267 / (770) 837–2678 Fax